Filed 7/16/15  P. v.Widby CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDRE L. WIDBY,<br><br>        Defendant and Appellant. | B260300<br><br>(Los Angeles County<br>Super. Ct. No. TA131765) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, John Doyle, Judge.  Affirmed.

        Mark S. Givens, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

                        _____

Defendant and appellant, Andre L. Widby, appeals from the judgment entered after his no contest plea to one count of unlawful sexual intercourse with a minor (Pen. Code, § 261.5, subd. (c)).[1] He was sentenced to a term of 16 months in prison.

## FACTUAL AND PROCEDURAL BACKGROUND

Widby was originally charged by information with four counts of lewd and lascivious acts on a child under 14 (§ 288), based on his alleged conduct with two minors.

At a preliminary hearing on March 14, 2014, Widby's step-daughter, D.B., testified that on two occasions in October 2013, and on one occasion in January 2014, Widby engaged in sexual acts with her when she was 13 years old. During these incidents, Widby touched her breasts, rubbed her vagina, had her perform oral sex on him, and engaged in sexual intercourse with her. After the first two incidents, Widby gave D. money. During the third incident, D.'s mother discovered what was going on and called the police. These incidents were the basis for counts 1, 2 and 3 of the information.

Deputy Sheriff Maricruz Perez, from the Los Angeles County Sheriff's Department, testified about a fourth incident which involved a five- or six-year-old girl named Heaven S. She told Perez that she encountered Widby at an apartment complex where she lived and Widby worked as a handyman. Widby drove up to Heaven in a golf cart, called her over and "touched her private part, which she also refers to as her 'front area.'" Heaven then moved away and Widby got back into his golf cart and drove off.

Widby subsequently entered into a plea agreement whereby these four counts of lewd acts on a child under the age of 14 were dismissed, and he pled no contest to a single felony count of illegal sexual intercourse with a minor (§ 261.5, subd. (c)).[2]

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     Section 261.5, subdivision (c), provides: "Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170."

As part of the plea agreement, Widby was not required to register under the Sex Offender Registration Act (§ 290). He was credited with 516 total days of presentence custody credit, which amounted to more time than his 16-month sentence.

Widby filed a timely notice of appeal along with a request for a certificate of probable cause, which the trial court granted.

We appointed counsel to represent Widby on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to Widby, and we notified him that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Widby has not filed a supplemental brief.

## DISCUSSION

We have examined the entire record and are satisfied defense counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)

Widby's request for a certificate of probable cause listed the following grounds for attacking the legality of his no contest plea: ineffective assistance of counsel; the prosecution's failure to turn over *Brady* material[3]; and, various acts of prosecutorial misconduct. However, in light of the very generous plea agreement Widby accepted, and his subsequent failure to file a supplemental brief specifying what issues he wanted to raise on appeal, we remain convinced that no arguable appellate issue exists.

---

[3]   Under *Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215], the prosecution has a duty to disclose exculpatory evidence to the defendant.

3

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, P. J.

We concur:

KITCHING, J.

JONES, J.*

---

* Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.